to which the plaintiff was put in "running" the oyster stand at which he conducted his business. Outside of those expenditures, everything else he received was profit. The charge to the jury concerning the loss of profits was very guarded, and, under the proof, was not erroneous.

The order appealed from should be reversed, and the verdict reinstated, with costs of this appeal. All concur.

---

(112 App. Div. 262)

### SCALLON et al. v. MANHATTAN RY. CO. et al.

(Supreme Court, Appellate Division, First Department. April 6, 1906.)

EMINENT DOMAIN—DAMAGES—APPEAL—REVIEW—HARMLESS ERROR—FINDINGS.

In an action for damages caused by the construction of a railway in front of plaintiffs' property, the complaint described the property as a lot 25 feet front and 75 feet deep. The deeds offered in evidence gave the same description. There was a building fronting on the street having a depth of 50 feet. Back of the structure was a small extension. The evidence on which the court acted in awarding damages was confined to that much of the lot and the building thereon as was of the dimensions of 25 feet front by 50 deep. *Held*, that an error in the finding, describing the property as 25 feet by 75 feet, was immaterial, for there could be no subsequent recovery for the taking of easements appurtenant to the area in the rear of the structure.

Appeal from Special Term, New York County.

Action by Frances M. Scallon and another against the Manhattan Railway Company and another to recover damages caused by the construction and operation of railways by defendants in front of the premises of plaintiffs. From a judgment awarding damages, defendants appeal. Affirmed.

Argued before O'BRIEN, P. J., and McLAUGHLIN, PATTERSON, LAUGHLIN and HOUGHTON, JJ.

Julien T. Davies, for appellants.
Vincent P. Donihee, for respondents.

PATTERSON, J. It is urged by the appellants that what was decided by this court in Hindley v. Manhattan Railway Company, 103 App. Div. 504, 93 N. Y. Supp. 53, while it is controlling in the case of Wohlers against these defendants, argued and decided herewith, does not apply to this case. That is a misapprehension of counsel. The Hindley Case is directly in point, and, for the reasons stated in the opinion of Mr. Justice Hatch therein, we conclude that the statute of limitations does not bar the plaintiffs' right to relief. We have carefully examined the record with reference to the awards of fee and rental value, and find that there is sufficient evidence to sustain the judgment appealed from. It is contended, however, by the appellants that the court erred in its finding of fact, and that an award was made with respect to a larger and somewhat different property than that to which the proof related. The plaintiffs' premises are situated at the southeast corner of Forty-Second street and Second avenue in the city of New York. The lot is 25 feet front and 75 feet deep, and is so described

in the complaint and in the deeds which are in evidence. There is a four-story building fronting on Second avenue, having a depth of 50 feet, with a store on the first floor, and two apartments, of four rooms each, on the three upper floors. Back of that structure there is a small and apparently insignificant extension. All the evidence which was before the court and upon which it acted was confined to that much of the lot and the building thereon as was of the dimensions of 25 feet front by 50 feet deep, and the evidence shows that the estimates as to fee and rental value were confined thereto. The finding of the court with reference to dimensions was evidently taken from the complaint and from the deeds. The proofs upon which the court acted established that the property really involved was damaged to the amount found. The error in description in the findings of fact is of no importance, for the proofs were limited, and there can be no recovery at any time for the taking of easements appurtenant to this small area in the rear of the property, and for which no award was actually made. The award covers the whole premises.

The judgment should be affirmed, with costs. All concur

HOUGHTON, J. The case of Hindley v. Manhattan Railway Company, 103 App. Div. 504, 93 N. Y. Supp. 53, is in principle, I think, applicable to the present case. I therefore feel constrained to concur in the opinion of Mr. Justice PATTERSON. But for this former decision, however, I should be of the opinion that the defendant could and has obtained prescriptive rights against abutting owners, and that its occupation of the streets became hostile before the decision of the courts in 1882, adjudging that the rights of abutting owners had been invaded, and that the purchase or recognition of the rights of one abutting owner on the route did not destroy defendant's prescriptive rights against other abutters whose claims were not conceded. Although the defendant began its occupancy under grant from the state to the street only, yet from its manner of occupation, and from its resistance to payment for invasion of the individual rights of abutting owners, it must be deemed, I think, to have occupied under claim of right to use all that was necessary to the erection, maintenance, and operation of its railroad. From the very nature of the structure, and from the necessary manner of operation, the light, air, and access of abutting owners was appropriated. That the defendant believed it had the right to these under its grant from the state, or that it insisted that abutting owners had no redress for their invasion, did not change its rights or the character of its occupation. That occupation was open and notorious and exclusive, either under claim of title or in hostility to the owner's rights, and contained all the elements, it seems to me, necessary for the ripening of prescriptive title. While the right of way is continuous, and, in a broad sense, must be treated as a whole, yet the invasion of individual rights is single, and I see no reason why such single right cannot be obtained by adverse possession, notwithstanding the rights of other abuttors similarly situated may be recognized.

The question in the present case as to whether or not the statute of limitations was suspended by the death of the owner and the descent

of the real property to her infant heirs would be important if defendant could obtain title by prescription, but under the decision as rendered it becomes immaterial. Because of the decision of this court in Hindley v. Manhattan Railway Company, supra, I concur in an affirmance of the present judgment.